AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts Southern
District of Texas
FILED

*6/25/2021*

Nathan Ochsner, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
information associated with User ID: 161136831 and/or
email address: rickeydoss@gmail.com

Case No. **3:21-mj-165**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A et seq. | Certain activities relating to material involving the sexual exploitation of minors |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ DeWayne Lewis*
Applicant's signature

DeWayne Lewis, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 6-25-21

City and state: ~~Houston, Texas~~ Ventura, California

*/s/*
Judge's signature

Andrew M. Edison
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH USER ID: 161136831 AND/OR EMAIL ADDRESS: rickeydoss@gmail.com CONTROLLED BY DROPBOX, INC. | Case No. __3:21-mj-165__ |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, DeWayne Lewis, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., a company headquartered at 333 Brannon Street, San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox, Inc. to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, a government-authorized person will review that information to locate the items described in Section II of Attachment B.

2.  I am a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Homeland Security Investigations (HSI) office in Galveston, Texas. I have been so employed since June 2002. As part of my duties as an ICE agent, I investigate criminal violations related to child exploitation and child pornography, including violations pertaining to adults transferring obscene material to minors, online extortion and/or stalking, adults

attempting to meet with juveniles for sexual encounters, the sex trafficking of children and the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. § 875(d), 1470, 1591(a), 2422(b), 2423, 2251, 2252, 2252A and 2261A(2). I have received training in the area of child pornography, human trafficking and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have participated in the execution of numerous search warrants and covert operations involving human trafficking, child exploitation and the online solicitation of minors, many of which involved child exploitation and/or child pornography offenses. I am in routine contact with experts in the field of computers, computer forensics, and Internet investigations. I annually attend the Dallas Crimes Against Children Conference where I attend various investigative training (with the exception of the year 2020/21 due to the Covid19 outbreak). I am currently a member of the Houston Metro Internet Crimes Against Children (ICAC) Task Force. This task force includes prosecutors and members of multiple police agencies across the southeast/coastal Texas and Houston metro regions.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. §§ 2252(a)(4)(B) and 2252A(a)(5)(B), et seq., which make it a crime to possess child pornography, violations of Title 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2), et seq., which make it a crime to receive/distribute child pornography in interstate commerce by computer, and violations of 18 U.S.C. §§ 2252(a)(1) and 2252A(a)(1), et seq., which make it a crime to transport or ship child pornography in interstate commerce have been committed by Rickey Doss. There is also probable cause to search the information described in Attachment A for evidence, contraband, instrumentalities and/or fruits of these crimes, as described in Attachment B.

5. This investigation initially involved a suspect who stored nude images and videos of children in his Dropbox account. Dropbox reported the customer to the National Center for Missing and Exploited Children. That information was subsequently forwarded to HSI Special Agent (SA) DeWayne Lewis.

## DROPBOX

6. Dropbox is a service that allows its users to store files on Dropbox's servers. According to the Dropbox privacy policy, Dropbox collects and stores files that are uploaded, downloaded, or accessed with the Dropbox service. Dropbox also collects logs, which includes information from the customer's device, its software, and customer activity using the Dropbox services. That information can include the customer's device's Internet Protocol ("IP") address, browser type, the web page the customer visited before he went to the Dropbox website, information searched for on the DropBox website, locale preferences, identification numbers associated with the customer's devices, their mobile carrier, date and time stamps associated with transactions, system configuration information, metadata concerning a customer's files, and other interactions with the Drobox services. Dropbox is a free service that allows customers to bring all their files, photos, documents, and videos anywhere. That means that any file a customer saves to their Dropbox account will automatically be accessible from all of the customer's computers, smartphones and even the Dropbox website.

## STATUTORY AUTHORITY

7. This investigation concerns alleged violations of:

a) Title 18, United States Code, Section 2252A which states: (a) Any person who –

(2) knowingly receives or distributes - (A) any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

(5) (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer

b) Title 18, United States Code, Section 2256(8) defines "child pornography" as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where - (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

c) Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as actual or simulated - (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals or pubic area of any person;

## PROBABLE CAUSE

8. The Houston Metro Internet Crimes Against Children (ICAC) Task Force received information about suspicious activity from a social media service company named Dropbox, Inc. Dropbox reported on January 19, 2021, to the National Center for Missing and Exploited Children (NCMEC) that someone was using their virtual storage service to store and/or distribute files depicting child pornography via the Internet. Dropbox viewed two files and provided those images and the customer's information to NCMEC. The report was forwarded to the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigation (HSI) Resident Agent in Charge office in Galveston, Texas. HSI SA DeWayne Lewis received and reviewed the suspicious files and report. Information about the Dropbox customer associated with his Dropbox account was included in CyberTipline Report 84562034 and listed below, in part:

```
Email Address:      rickeydoss@gmail.com
Screen/User Name:   Rickey Doss
ESP User ID:        161136831
IP Address:         2607:fb90:b38:8698:dca9:7673:46db:1be5   01-01-2021 21:07:14 UTC
```

The IP address utilized by the customer to access his account was owned/managed by T-Mobile.

9. Special Agent Lewis reviewed the suspicious images that Dropbox viewed and reported to NCMEC. Descriptions of those files, which met the federal definition of child pornography, were included below, in part:

> title: 3181cabe-4be8-4bff-ac23-fe6494be2eb2.mp4 was a color video in an indoor setting that depicted a Caucasian female, approximately 9-10 years old, pulling down her white panties to expose her vagina and urinate on the floor for the camera's view.

> title: 98d2f3ea-2421-4603-aaee-b2b7152ef540.jpg was a color image in an indoor setting that depicted an adult Caucasian female wearing a white bathrobe seated next to a minor Caucasian male, approximately 5-6 years old, while exposing her vagina for the camera's view.

## CHARACTERISTICS COMMON TO INDIVIDUALS WITH A SEXUAL INTERST IN CHILDREN

10. Based upon my own knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the sexual exploitation of children which includes the production, distribution, receipt, possession and collection of child pornography:

11. Individuals with a sexual interest in children receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

12. Individuals with a sexual interest in children collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals with a sexual interest in children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower, or "groom," the inhibitions of children they are attempting to seduce, to arouse the selected

child partner, or to demonstrate the desired sexual acts.

13. Individuals with a sexual interest in children almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home, email account or in "virtual" storage, like in the iCloud, Dropbox or Microsoft OneDrive. Individuals with a sexual interest in children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

14. "Child erotica," as used in this Affidavit, is defined as materials or items that are sexually arousing to certain individuals, but which are not in and of themselves obscene or do not necessarily depict minors in sexually explicit poses or positions. Such material may include non-sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.

15. Likewise, Individuals with a sexual interest in children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area or "virtual" storage. These collections are often maintained for several years and are kept close by, or remotely accessible, usually at, or via, the collector's residence, to enable the collector to view his collection, which is highly valued.

16. Individuals with a sexual interest in children also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in sex with children or child pornography.

17. Individuals with a sexual interest in children prefer not to be without their child

7

pornography, or prohibited from its' access, for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

18. Individuals with a sexual interest in children often have had, or continue to maintain, multiple email and social media accounts. It is common for such individuals to control multiple email addresses in their attempts to remain anonymous or thwart law enforcement's efforts to investigate their illicit activity. Some individuals will create an account to imply that they are of a different age or sex depending on what their online intentions are, or to pose as a person a potential victim already knows. Some individuals with a sexual interest in children will open multiple accounts, whether they be for email, social media or remote storage, with common denominators that can be identified by the host company that operates that medium. For example, a person with a sexual interest in children may create and maintain several different email accounts, but use the same email address as a "recovery" or "verifier" email account. Those individuals will use the same technique for new social media, email or virtual storage accounts when their original ones are compromised or shut down.

19. Individuals with a sexual interest in children often maintain contact information from their trusted sources or like-minded individuals. They also block, cancel or "unfriend," contacts that they perceive pose a threat to their illegal activity or have not maintained good standing. For example, another individual with a sexual interest in children, but preferred children of a different age range or ethnicity, might be blocked by the other. They may also block a person who threatens to contact a parent or the police about their online activity. Likewise, a victim of coercion, enticement and/or sexual exploitation may block a suspect who is attempting to further victimize them.

20. Based upon my training, knowledge and experience in investigations related to child exploitation and my conversations with other law enforcement officers who have engaged in numerous investigations involving child pornography and exploitation, I am aware that individuals who access

paid subscription or free sites offering images and/or videos depicting child pornography do so for the purpose of downloading or saving these images to their hard drive or other storage media so that the images and videos can be added to their collection. I know that individuals involved in the distribution of child pornography also continue to obtain images of child pornography found elsewhere on the Internet such as newsgroups and websites, and via paid subscriptions, as well as their own "trophy photos" of sexual conquests involving the exploitation of children.

21.    Additionally, based upon my training, knowledge and experience in investigations related to child exploitation and child pornography cases, I am aware that individuals who have a sexual interest in children will oftentimes have a collection of child pornography and will ask children to take and send naked images of the themselves that would constitute child pornography as well as child erotica.

22.    Furthermore, based upon my training, knowledge and experience in investigations related to child exploitation and child pornography cases, I am aware that individuals who have a sexual interest in children will oftentimes utilize social media such as Yahoo! Messenger, KIK Messenger and Craigslist and other online services to meet and communicate with minors. Individuals with a sexual interest in children know that social media allows for seemingly anonymous communication which they can then use to groom the minors and set up meetings in order to sexually exploit them.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

23.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the

information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

24. Based upon my own knowledge, experience and training related to child pornography and child exploitation investigations, I am aware that individuals who have a sexual interest in children entice and solicit children for their nude images and/or sexual encounters. They also possess/distribute child pornography and are often child pornography collectors who have escalated their activity from anonymously obtaining images of child pornography to proactively meeting children for sex and distributing images they have collected, often for the purposes of trading their child pornography images with others as a method of adding to their own vast collections. Furthermore, I know that individuals with a sexual interest in children and who are involved in the collection and distribution of child pornography also continue to obtain images of child pornography found elsewhere on the Internet, such as in newsgroups and other websites, including via paid-subscription sites. Sometimes those "payments" are in the form of new, or bartered, images depicting the sexual exploitation of a child.

25. Finally, based upon the conduct of individuals who have a sexual interest in children, who collect and/or barter child pornography and conspire to meet minor children for sex as set forth in the paragraphs above, namely, that they tend to maintain their collections for long periods of time, even over the course of years, there is probable cause to believe that evidence of the offenses of Receipt, Possession and Distribution of Child Pornography is currently located on the servers owned/operated by Dropbox, Inc., 333 Brannon Street, San Francisco, California. I believe the suspect has demonstrated these offender characteristics based on his collection and storage of nude images of minors and videos depicting minors engaged in sexual situations with adults.

26. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction," as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."

27. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

*DeWayne Lewis*
DeWayne Lewis
Special Agent
DHS/ICE/Homeland Security Investigations

Subscribed and sworn to before me telephonically on June ___25___, 2021 and I find probable cause.

_____
The Honorable Andrew M. Edison
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with Dropbox user ID: 161136831 and/or email address rickeydoss@gmail.com (the SUBJECT ACCOUNT), from the date of its creation through to the present, that is stored at premises owned, maintained, controlled or operated by Dropbox, Inc., a company headquartered at 333 Brannon Street, San Francisco, California.

## ATTACHMENT B

### Particular Things to be Seized and Searched

I.  **Information to be disclosed by Dropbox, Inc.**

To the extent that the information from the date of the SUBJECT ACCOUNT'S creation through to the present described herein is within the possession, custody, or control of Dropbox including any add/edit/delete logs, emails, records, files, other logs, or information that have been deleted but are still available to Dropbox, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed:

a.  All other old or new accounts, with their contents and logs, utilized by the same customer.
b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit card or bank account numbers);
c.  All log files and/or activity log files (uploadlog.csv files);
d.  The types of service utilized;
e.  All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;
f.  All records pertaining to communications between Dropbox, and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

II  **Information to be seized by the government**

All information from the date of creation through to the present described above that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, involving Dropbox user ID: 161136831 and/or email address rickeydoss@gmail.com, including, for each account or identifier listed, information pertaining to the following matters:

a. All images depicting children engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256
b. All electronic communications regarding children engaging in sexually explicit conduct;
c. All communications with potential minors involving sexual topics or in an effort to seduce the minor.
d. Any evidence that would tend to identify the person using the account when any of the items listed in subparagraphs a-c were sent, read, copied or downloaded.
e. Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

### III.     Method of Delivery

Dropbox shall disclose items seized pursuant to this search warrant within 14 days of its service by sending (notwithstanding Title 18, United States Code, Sections 2252, 2252A, or similar statute or code) them to the listed Special Agent. Dropbox may deliver on any digital media device via the United States Postal Service or commercial interstate carrier c/o Special Agent DeWayne Lewis, Homeland Security Investigations, 601 Rosenberg Avenue, Suite 201, Galveston, Texas 77550. Dropbox may also disclose responsive data, if any, by delivering via an established online law enforcement portal or via links to encrypted files for HSI Special Agent DeWayne Lewis at dewayne.e.lewis@ice.dhs.gov.